1  MICHAEL E. BREWER, Bar No. 177912
   ANNE-MARIE WAGGONER, Bar No. 173407
2  LITTLER MENDELSON, P.C.
   1255 Treat Boulevard, Suite 600
3  Walnut Creek, CA  94597
   Telephone:    925.932.2468
4  mbrewer@littler.com
   awaggoner@littler.com
5
6  JEREMY ROTH, Bar No. 129007
   DAVID J. DOW, Bar No. 179407
   JERRILYN T. MALANA, Bar No. 195260
7  LITTLER MENDELSON, P.C.
   501 West Broadway, Suite 900
8  San Diego, CA  92101
   Telephone:    619.515.1802
9  jroth@littler.com
   ddow@littler.com
10 jmalana@littler.com
11 Attorneys for Defendant
   AUTOZONE, INC. (All actions)
12
13 MICHAEL A. HOFFMAN, Bar No. 162496
   ARENA HOFFMAN, LLP
14 44 Montgomery Street, Suite 1200
   San Francisco, CA  94104
   Telephone:    415.433-1414
15 mhoffman@arenahoffman.com
16 Attorney for Defendant
   AUTOZONE, INC. (Ellison action, only)
17
18

RICHARD E. QUINTILONE II, Bar No.
200995
QUINTILONE & ASSOCIATES
22974 El Toro Road, Suite 100
Lake Forest, CA  92630
Telephone:    949.458.9675
req@quintlaw.com

Attorneys for Plaintiff
WILLIAM DOLAND

KEVIN T. BARNES, Bar No. 138477
GREGG LANDER, Bar No. 194018
LAW OFFICES OF KEVIN T. BARNES
5670 Wilshire Blvd., Suite 1460
Los Angeles, CA  90036-5664
Telephone:    310.549.9100
Barnes@kbarnes.com
Lander@kbarnes.com

Attorneys for Plaintiff
HAYDÉE ESCALANTE

MARC PRIMO, Bar No. 216796
MONICA BALDERRAMA, Bar No. 196424
INITIATIVE LEGAL GROUP APC
1800 Century Park East, 2nd Floor
Los Angeles, CA  90067
Telephone: 310-556-5637
MPrimo@InitiativeLegal.com
MBalderrama@InitiativeLegal.com

Attorneys for Plaintiff
JIMMY ELLISON

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

**JOINT CASE MANAGEMENT STATEMENT**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

Case No.  3:10-md-02159-CRB

In re: AUTOZONE, INC., WAGE AND
HOUR EMPLOYMENT PRACTICES
LITIGATION

**JOINT CASE MANAGEMENT
STATEMENT**

Further CMC Date:  January 7, 2011
Time:  8:30 a.m.
Courtroom 8, 19th Floor

The Honorable Charles R. Breyer

The Parties respectfully submit this Joint Case Management Conference Statement for the Further Case Management Conference, scheduled for January 7, 2011, at 8:30 a.m.

**A.     Coordinated Actions, Parties, and Their Counsel**

Plaintiffs and their counsel in the five[1] coordinated and consolidated for pre-trial proceedings are as follows:

*     *Ellison v. AutoZone, Inc. ("Ellison")* - Plaintiff Jimmy Ellison is represented by Marc Primo, David Lishian Cheng, and Monica Balderrama of Initiative Legal Group APC.

*     *Escalante v. AutoZone, Inc. ("Escalante")* – Plaintiff Haydee Escalante is represented by Kevin T. Barnes and Gregg Lander of the Law Offices of Kevin T. Barnes and Joseph Antonelli and Janelle Carney of the Law Office of Joseph Antonelli.

*     *Escobar v. AutoZone, Inc. ("Escobar")* -  Plaintiff Silvia Escobar is represented by Aldon Bolanos of the Law Offices of Aldon Bolanos.

*     *Maynard v. AutoZone, Inc. ("Maynard")* - Plaintiff Bruce Paul Maynard is

---

[1] Since the initial case management conference, on August 20, 2010, an additional action, *Escalante v. AutoZone, Inc.*, has been coordinated and consolidated with the original four actions.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

1.

**JOINT CASE MANAGEMENT STATEMENT**

represented by Shaun Setareh of the Law Offices of Shaun Setareh and Mark R. Thierman of the Thierman Law Firm, PC.

*        *Doland v. AutoZone, Inc. ("Doland")* - Plaintiff William Doland is represented by Richard E. Quintilone II of Quintilone and Associates, Roger Richard Carter of the Carter Law Firm, and Scott B. Cooper of the Cooper Law Firm.

Defendant AutoZone, Inc. is represented in all five coordinated and consolidated actions by Littler Mendelson, P.C.  In addition, in the *Ellison* matter only, Defendant is jointly represented by Littler Mendelson, P.C. and Michael Hoffman, Esq. of Arena Hoffman, LLP.

**B.        Jurisdiction and Service**

On June 15, 2010, the U.S. Judicial Panel on Multidistrict Litigation ("JPML") granted Defendant's motion to transfer and ordered that *Doland* and *Maynard* be transferred to the Northern District of California to United States District Judge Charles R. Breyer for coordinated and consolidated pretrial proceedings with *Ellison* and *Escobar*, which are related cases pending in the Northern District.

On October 20, 2010, the JPML issued a conditional transfer order transferring *Escalante* to the Northern District of California to Judge Charles R. Breyer for coordinated and consolidated pretrial proceedings with *Ellison*, *Escobar*, *Doland*, and *Maynard*.  On October 29, 2010, this Court gave notice of the transfer of *Escalante* and assignment to Judge Breyer.

All named parties have been served and have appeared.

**C.        Facts**

**1.        *Ellison***

The *Ellison* matter was filed on December 7, 2006, in the Northern District of California, and alleged a putative wage and hour class action against Defendant.  The putative class in *Ellison* includes all current and former non-exempt AutoZone store employees in California.  The operative Complaint alleges AutoZone requires its hourly store employees to work off-the-clock, fails to provide meal and rest breaks, does not pay minimum wage and overtime wages as required by law, does not provide accurate itemized wage statements, does not does not pay wages when due, and requires employees to purchase their own uniforms.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

**JOINT CASE MANAGEMENT STATEMENT**

The Second Amended Complaint alleges causes of action for: (1) Failure to provide rest periods in violation of California Labor Code sections 226.7 and 516, (2) Failure to provide meal periods in violation of California Labor Code sections 226.7, 512 and 516, (3) Failure to timely pay final wages in violation of California Labor Code section 203, (4) Failure to pay wages, (5) Failure to pay minimum wages in violation of California and federal law, (6) Failure to pay overtime wages in violation of California and federal law, (7) Failure to provide accurate itemized wage statements in violation of Labor Code section 226, (8) Failure to pay for split shifts, (9) Failure to pay for the purchase of uniforms in violation of California Labor Code section 2802, and (10) Unlawful business practices in violation of California Business & Professions Code section 17200, et seq.    Plaintiff Jimmy Ellison also seeks penalties pursuant to the California Private Attorneys General Act ("PAGA"), California Labor Code §2699.

The *Ellison* matter has been stayed since September 10, 2007.

### 2.    *Maynard*

The *Maynard* action was filed on August 12, 2009, in Los Angeles County Superior Court and removed to federal court in the Central District of California on October 2, 2009.  The putative class in *Maynard* includes all former non-exempt AutoZone store employees in California. The Complaint alleges claims against AutoZone for waiting time penalties pursuant to California Labor Code section 203 for the alleged failure to pay employees all wages due at the time of termination of employment.  The Complaint alleges causes of action for: (1) Waiting time penalties under California Labor Code section 203 and (2) Unfair business practices under California Business & Professions Code section 17200, et seq.  The *Maynard* matter was been deemed related to another class action lawsuit, *Doland v. AutoZone, Inc.*, which was then-pending in the Central District.

### 3.    *Doland*

The *Doland* action was filed on August 28, 2009, in Orange County Superior Court and removed to federal court in the Central District of California on October 2, 2009.  The putative class in *Doland* includes all current and former non-exempt AutoZone store employees in California. The Complaint alleges AutoZone failed to provide non-exempt California store employees with meal and rest breaks, failed to timely pay all wages due at the time of termination of employment, and

3.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

JOINT CASE MANAGEMENT STATEMENT

failed to provide accurate itemized wage statements.  The Complaint alleges causes of action for: (1) Failure to provide meal periods in violation of California Labor Code sections 226.7 and 512 and the California Wage Orders, (2) Failure to provide rest breaks in violation of Labor Code section 226.7 and the California Wage Orders, (3) Failure to timely pay all wages due at termination of employment in violation of California Labor Code section 203, (4) Failure to provide accurate wage statements in violation of California Labor Code section 226(a), and (5) Unfair business practices in violation of California Business and Professions Code section 17200, et seq.  The *Doland* matter was deemed related to the *Maynard* matter by the Central District.

### 4. *Escobar*

Plaintiff filed this putative class action against Defendant, her former employer. Plaintiff has pleaded multiple violations of California's wage and hour laws for Defendant's alleged: (1) failure to provide uniforms; (2) failure to reimburse for necessary expenditures; (3) failure to provide timely and accurate wage statements; (4) failure to maintain complete and accurate payroll records; (5) commission of unfair business practices; and (6) failure to provide meal and rest breaks. Plaintiff seeks compensatory and injunctive relief, as well as penalties pursuant to the California Private Attorney's General Act ("PAGA"), California Labor Code §2699.

The *Escobar* matter has been stayed since March 2, 2010.

### 5. *Escalante*

Plaintiff filed this putative class action on August 4, 2010, against Defendant, her former employer.  Although her original complaint pleads multiple violations of California's wage and hour laws by Defendant, the parties have stipulated to the filing of an amended complaint containing the following claims, only: (1) failure to fully reimburse for work expenses; (2) penalties pursuant to PAGA; (3) unfair business practices; and (4) declaratory relief.

In all five coordinated and consolidated actions, Defendant denies Plaintiffs' allegations in their entirety.   Defendant asserts that it has complied with applicable California law and that Plaintiffs and the putative class members are entitled to no recovery.    Defendant also contends that the cases are not appropriate for class treatment.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

4.

**JOINT CASE MANAGEMENT STATEMENT**

**D.**     **Legal Issues in Dispute**

The parties dispute at least the following legal issues, without limitation:

1.      Whether these actions should proceed as class actions and whether class certification should be granted;

2.      Whether Plaintiffs are adequate class representative(s);

3.      Whether Plaintiffs and the members of the putative class are entitled to legal or equitable relief on any of the claims pleaded in the actions;

4.      Whether Defendant failed to reimburse Plaintiffs and the members of the putative class for expenses in violation of California Labor Code § 2802;

5.      Whether Defendant failed to furnish Plaintiffs and the members of the putative class accurate itemized wage statements in violation of California Labor Code § 226;

6.      Whether Defendant failed to maintain accurate time records for Plaintiffs and the members of the putative class, in violation of California Labor Code § 1174(d);

7.      Whether Defendant committed acts of unfair competition in violation of California Business & Professions Code § 17200;

8.      Whether Defendant failed to provide Plaintiffs and the members of the putative class with meal and/or rest breaks in violation of California Labor Code §§ 226.7 and 512;

9.      Whether Plaintiffs and the members of the putative class are entitled to waiting time penalties pursuant to California Labor Code §§ 201, 202, and 203;

10.     Whether Defendant failed to pay Plaintiffs and the members of the putative class minimum, regular, or overtime wages;

11.     Whether Defendant failed to pay Plaintiffs and the members of the putative class for split shifts;

12.     Whether Plaintiffs and the members of the putative class are entitled to recover penalties under PAGA;

13.     Whether injunctive relief may be awarded; and

14.     Whether compensatory damages, costs, or attorney's fees may be awarded.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

**E.     Motions**

Plaintiffs intend to file a motion for class certification at the appropriate time.

Defendant intends to file a motion for summary judgment and/or partial summary judgment, and a motion to decertify the putative class, at the appropriate time.

**F.     Amendment of Pleadings**

Plaintiff in the *Escalante* action intends to file an amended complaint at the appropriate time, pursuant to stipulation.

**G.     Evidence Preservation**

The parties have preserved evidence in electronic or other form that they reasonably and in good faith believe may be relevant to the issues reasonably evident in this action.

**H.     Disclosures**

Defendant and Plaintiff Ellison served their initial disclosures on December 15, 2010. As of the time of filing this joint case management statement, no other parties had served initial disclosures.

**I.     Discovery Plan**

Since the case is stayed pending the California Supreme Court decision in *Brinker Restaurant Corporation v. Superior Court,* 165 Cal. App. 4th 25, 80 Cal. Rptr. 3d 781 (2008), *rev. granted,* 196 P.3d 215 (Cal. 2008) ("*Brinker*"), it is premature to commence or conduct discovery, create a discovery plan, or make orders concerning discovery.  However, Plaintiff in the *Escalante* case requests the court lift the discovery stay as to the *Escalante* matter as this case will not have any cause of action which is at issue in the appeal of the *Brinker* case once the amended complaint, which Defendant has stipulated to, is filed.   Defendant opposes the partial lifting of the discovery stay in *Escalante*.   The *Brinker* case presents issues concerning California law not only as to meal breaks and rest breaks, but also concerning the propriety of certification of California wage and hour class action lawsuits, generally.  In addition, the JPML transferred and consolidated these actions to "eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary."   See JPML Transfer Order of June 15, 2010.  If the discovery stay is lifted in *Escalante*, then that will thwart the

6.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

1   purposes of consolidation, as the parties will be litigating the consolidated cases on separate tracks,

2   and the discovery sought by Plaintiff in *Escalante* will be duplicative of the discovery that will be

3   sought later in the other four consolidated actions.

4        **J.**    **Electronic Discovery**

5           The parties will produce all electronically stored information in paper form unless the

6   parties agree or the Court orders otherwise.

7        **K.**    **Class Action**

8           Plaintiffs have filed these cases as putative class actions and intend to make a motion

9   for class certification at the appropriate time. Defendant may also make a motion to decertify the

10   cases as a class action at the appropriate time.

11           Because proceedings are stayed until such time the California Supreme Court issues

12   its decision in *Brinker*, it is premature to set a briefing or hearing schedule on motions for class

13   certification or decertification, subject to the request for relief from the stay by Escalante as set forth

14   above in Section I.

15        **L.**    **Other Related Cases**

16           There are also three other putative class actions pending against Defendant in

17   California federal and state courts based on the same general set of alleged facts and alleged legal

18   violations, as follows:

19              **1.**    ***Claudia Moreno and Michelle Medrano v. AutoZone, Inc.*, United States**

20                   **Court of Appeals, Ninth Circuit, Case No. 09-17503 (USDC CA Case No. C05-04432-CRB) ("*Moreno*")**

21           On December 10, 2010, the Ninth Circuit Court of Appeals issued a Memorandum

22   opinion affirming the final judgment entered by this Court in favor of AutoZone on October 13,

23   2009. This Court has previously deemed the *Moreno* action related to *Ellison*.

24              **2.**    ***Carl Myart v. AutoZone, Inc.*, Superior Court of the State of California in**

25                   **and for the County of Orange, Case No. 05-CC-03219 ("*Myart*")**

26           *Myart* was filed on February 16, 2005, and alleged as a putative wage and hour class

27   action against AutoZone. The putative class includes all current and former non-exempt hourly

28   workers employed in California. The operative complaint alleges multiple causes of action

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

7.

**JOINT CASE MANAGEMENT STATEMENT**

pertaining to alleged wage and hour violations by AutoZone.  Class certification has been granted in *Myart* as to the plaintiff's off-the-clock theory, which alleges that AutoZone failed to pay for all hours worked.    The parties have recently agreed upon a settlement in that matter and are in the process of formalizing the settlement prior to seeking preliminary approval of the settlement from the Superior Court.

> ### 3.   *Adrianna Villalobos v. AutoZone, Inc., et al.*, Superior Court of California in and for the County of Los Angeles, Case No. BC368371 ("*Villalobos*")

The original complaint was filed on March 22, 2007.  The Complaint alleges the following causes of action: (1) failure to pay overtime [Labor Code §§ 510, 1194]; (2) unlawful collection of wages previously paid to employees, and failure to indemnify employees for expenses for uniforms and equipment [Labor Code §§ 221, 2802];  (3) failure to provide meal periods [Labor Code § 226.7]; (4) failure to provide rest periods [Labor Code § 226.7]; (5) failure to timely pay wages [Labor Code §§ 201, 202, 203]; (6) failure to provide accurate wage statements and maintain accurate records [Labor Code §§ 226, 1174]; (7) civil penalties pursuant to the Private Attorneys General Act [Labor Code § 2699]; and (8) unlawful business practices [Business & Professions Code § 17200, et seq.].

*Villalobos* has been stayed since December 7, 2007, following the state court's grant of AutoZone's motion for stay based on earlier-filed class action lawsuits containing similar claims in state and federal court.  The matter remains stayed pending the California Supreme Court's decision regarding an employer's obligation pertaining to meal and rest periods in *Brinker*.

> ## M.    Relief
> ### 1.    Plaintiff's Statement

Plaintiffs have brought this class action lawsuit against Defendant to recover, among other things, wages and penalties associated with not having been provided with proper meal and rest breaks.  Additionally, Plaintiffs state derivative causes of action seeking penalties for non-payment of wages at the time of termination of employment, failure to provide accurate itemized statements, and unfair competition pursuant to Business and Professions Code Section 17200.  In

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

8.

JOINT CASE MANAGEMENT STATEMENT

addition to the above mentioned damages, Plaintiffs seek restitution, injunctive and declaratory relief, attorneys' fees and costs, and prejudgment interest.

Calculating damages is premature, as Plaintiffs will first need to ascertain the number of putative class members, average rates of pay, and violation rates, all of which information will be requested through discovery.

### 2.    Defendant's Statement

Defendant claims Plaintiffs and the members of the putative class are not entitled to any legal or equitable relief, because Defendant is not liable to Plaintiffs or the putative class members on any of their claims for relief, or in the event Defendant is found liable to Plaintiffs or the putative class members on any of their claims, Plaintiffs and the putative class members have not sustained recoverable damages.

### N.    Settlement – Alternative Dispute Resolution

Since proceedings are stayed until such time the California Supreme Court issues its decision in *Brinker*, it is premature to assign these cases to ADR at the present time.

The parties have not engaged in any settlement discussions to date.

### O.    Consent to Magistrate Judge for All Purposes

The Parties do not consent to assignment of this case to a Magistrate Judge for all purposes.

### P.    Other References

This case is not suitable for reference to binding arbitration or a special master.

### Q.    Narrowing of Issues

The issues in this case cannot be narrowed by agreement.  The parties will meet and confer prior to trial to attempt to expedite the admission of evidence through stipulation.  The parties may be able to narrow issues by agreement following the California Supreme Court's decision in *Brinker*.

### R.    Expedited Schedule

This case is not appropriate for an expedited schedule.

**JOINT CASE MANAGEMENT STATEMENT**

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

**S.** **Scheduling**

Per the Court's order of August 20, 2010, all proceedings with the exception of initial disclosure are stayed until such time the California Supreme Court issues its decision in *Brinker*. Thus, it is premature to set a case schedule, subject to the request for relief from the stay by Escalante as set forth above in section I.

**T.** **Trial**

Per the Court's order of August 20, 2010, all proceedings with the exception of initial disclosure are stayed until such time the California Supreme Court issues its decision in *Brinker*. Thus, it is premature to set the case for trial, subject to the request for relief from the stay by Escalante as set forth above in section I.

**U.** **Disclosure of Non-Party Interested Entities or Persons**

Defendant is not aware of any persons or entities, besides the parties, that have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

10.

JOINT CASE MANAGEMENT STATEMENT

1    Dated: December 30, 2010        Respectfully submitted,

2

3                        /s/ Anne-Marie Waggoner
                           MICHAEL E. BREWER

4                        ANNE-MARIE WAGGONER
                       LITTLER MENDELSON

5                        A Professional Corporation
                       Attorneys for Defendant

6                        AUTOZONE, INC.

7    Dated: December 30, 2010

8

9                        /s/ Michael A. Hoffman
                       MICHAEL A. HOFFMAN

10                     ARENA HOFFMAN, LLP
                    Attorney for Defendant
                    AUTOZONE, INC. (*Ellison* case, only)

11

12    Dated: December 30, 2010

13

14                      /s/ Richard E. Quintilone II
                     ROGER RICHARD CARTER

15                     RICHARD E. QUINTILONE II
                    Attorneys for Plaintiff
                    WILLIAM DOLAND

16

17    Dated: December 30, 2010

18

19                       /s/ Kevin Barnes
                      KEVIN BARNES

20                      GREGG LANDER
                     Attorney for Plaintiff
                     HAYDÉE ESCALANTE

21

Dated: December 30, 2010

22

23                      /s/ Monica Balderrama
                     MONICA BALDERRAMA

24                     Attorney for Plaintiff
                    HAYDÉE ESCALANTE

25

26

27    Firmwide:99348829.1 013306.2161

28

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

JOINT CASE MANAGEMENT STATEMENT

1

## DECLARATION OF COUNSEL REGARDING SIGNATORIES' CONCURRENCE

2

## WITH THE ELECTRONIC FILING OF THIS DOCUMENT

3          I, Anne-Marie Waggoner, hereby declare and state as follows:

4          1.       I am an attorney licensed to practice in the courts of the State of California

5  and the U.S. District Court for the Northern District of California.  I am Of Counsel at Littler

6  Mendelson, A Professional Corporation, and counsel of record for Defendant AutoZone, Inc. in the

7  above-captioned consolidated actions.

8          2.       In accordance with U.S. District Court for the Northern District of California,

9  General Order No. 45, I have obtained the concurrence for the filing of this document from each of

10  the other signatories hereto.  Littler Mendelson will maintain records to support this concurrence for

11  subsequent production for the court if so ordered or for inspection upon request by a party until one

12  year after final resolution of the action (including appeal, if any).

13          I hereby declare under penalty of perjury, under the laws of the United States of

14  America, that the foregoing is true and correct, and that this Declaration was executed on December

15  30, 2010, at Walnut Creek, California.

16

17                                          /s/
                                    ANNE-MARIE WAGGONER

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468