Kevin T. Barnes, Esq. (#138477)
Gregg Lander, Esq. (#194018)
LAW OFFICES OF KEVIN T. BARNES
5670 Wilshire Boulevard, Suite 1460
Los Angeles, CA 90036-5664
Tel.: (323) 549-9100 / Fax: (323) 549-0101
Email: Barnes@kbarnes.com

Joseph Antonelli, Esq. (#137039)
Janelle Carney, Esq. (#201570)
LAW OFFICE OF JOSEPH ANTONELLI
1000 Lakes Drive, Suite 450
West Covina, CA 91790-2918
Tel.: (626) 917-6228 / Fax: (626) 917-7686
Email: JAntonelli@antonellilaw.com

Attorneys for Plaintiff HAYDEE ESCALANTE,
on behalf of herself and all others similarly situated

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAYDEE ESCALANTE, on behalf of herself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> AUTOZONE, INC., a Nevada corporation; and DOES 1 to 100, inclusive, <br><br> Defendants. | MDL Case No. 3:10-md-2159-CRB <br> In re Autozone, Inc. Wage and Hour Employment Practices Litigation <br><br> 3:10-cv-04900-CRB <br><br> Honorable Charles R. Breyer <br> Courtroom 8 <br><br> **CLASS ACTION** <br><br> **FIRST AMENDED COMPLAINT FOR:** <br><br> **1. FAILURE TO FULLY REIMBURSE FOR WORK EXPENSES;** <br> **2. PENALTIES PURSUANT TO LABOR CODE §2699;** <br> **3. UNFAIR BUSINESS PRACTICES; AND** <br> **4. DECLARATORY RELIEF** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Action filed: August 4, 2010 <br> Action removed: September 3, 2010 <br> Action transferred to MDL: October 29, 2010 |

///

- 1 -

**ESCALANTE v. AUTOZONE - FIRST AMENDED COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

Plaintiff HAYDEE ESCALANTE, an individual on behalf of herself and all others similarly situated (hereinafter collectively referred to as "Plaintiffs"), hereby file this Complaint against Defendant AUTOZONE, INC. and DOES 1 to 100 (hereinafter collectively referred to as "Defendants"). Plaintiffs are informed and believe, and on the basis of that information and belief, allege as follows:

## I.

## INTRODUCTION

1. This is a civil action seeking recovery for Defendants' violations of California <u>Labor Code</u> ("<u>Labor Code</u>") §§450 and 2802, <u>Labor Code</u> §§2698, et seq., California <u>Business and Professions Code</u> ("<u>B&PC</u>") §§17000, et seq. and §§17200, et seq., and related common law principles.

2. Plaintiffs' action seeks monetary damages, including full restitution from Defendants as a result of Defendants' unlawful, fraudulent and/or unfair business practices.

3. The acts complained of herein occurred, occur and will occur, at least in part, within the time period from four (4) years preceding the filing of the original Complaint herein, up to and through the time of trial for this matter.

<u>RELEVANT JOB TITLES</u>

4. The relevant job titles in this action are Defendants' California-based hourly-paid non-exempt "Gray Shirt" positions (hereinafter including but not limited to Parts Managers, Assistant Managers and Store Managers, as well as any of Defendants' job positions with substantially similar titles and duties, respectively.

5. Any differences in job activities between the different individuals in Defendants' "Gray Shirt" positions were and are legally insignificant to the issues presented by this action.

///

///

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

## SUMMARY OF CLAIMS

6. With regard to Defendants' California-based "Gray Shirt" positions, Defendants have:

   a. Failed to reimburse for all work-related expenses;

   b. Conducted unfair business practices.

## II.
## PARTIES

### PLAINTIFF HAYDEE ESCALANTE

7. Plaintiff HAYDEE ESCALANTE is an individual over the age of eighteen (18) and is now and/or at all times mentioned in this Complaint was a resident of the State of California.

8. Plaintiff HAYDEE ESCALANTE worked for Defendants as a California-based "Gray Shirt" from approximately 2006 to 2010 in Defendants' locations at Western/Washington, Alondra/Glendale, Hollywood/Hurst and Pico/La Brea, all in Los Angeles County.

9. Plaintiff HAYDEE ESCALANTE seeks recovery herein from Defendants because with regard to Plaintiff HAYDEE ESCALANTE, while acting for Defendants in her capacity as a California-based "Gray Shirt," Defendants have:

   a. Failed to reimburse for all work-related expenses;

   b. Conducted unfair business practices.

### DEFENDANT, AUTOZONE, INC.

10. Defendant AUTOZONE, INC. is now and/or at all times mentioned in this Complaint was a Nevada corporation and the owner and operator of an industry, business and/or facility licensed to do business and actually doing business in the State of California.

///

///

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 3 -
**ESCALANTE v. AUTOZONE - FIRST AMENDED COMPLAINT**

DOES 1 TO 100, INCLUSIVE

11. DOES 1 to 100, inclusive are now, and/or at all times mentioned in this Complaint were licensed to do business and/or actually doing business in the State of California.

12. Plaintiffs do not know the true names or capacities, whether individual, partner or corporate, of DOES 1 to 100, inclusive and for that reason, DOES 1 to 100 are sued under such fictitious names pursuant to California Code of Civil Procedure ("CCP") §474.

13. Plaintiffs will seek leave of court to amend this Complaint to allege such names and capacities as soon as they are ascertained.

ALL DEFENDANTS

14. Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint.

15. Defendants, and each of them, proximately subjected Plaintiffs to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

16. Defendants, and each of them, are now and/or at all times mentioned in this Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

17. Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

18. Defendants, and each of them, at all times mentioned in this Complaint concurred and contributed to the various acts and omissions of each and

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

every one of the other Defendants in proximately causing the complaints, injuries and/or damages alleged in this Complaint.

19. Defendants, and each of them, at all times mentioned in this Complaint approved of, condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint.

20. Defendants, and each of them, at all times mentioned in this Complaint aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages alleged in this Complaint.

## III.
## JURISDICTION AND VENUE

21. Subject matter jurisdiction is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441(a) in that the amount of damages in dispute exceeds minimum thresholds under the Class Action Fairness Act ("CAFA").

22. Venue is proper in that Defendants maintain offices and transact business throughout the State of California, including in Los Angeles County, and multiple other locations in California.

## IV.
## CLASS ACTION ALLEGATIONS

23. Plaintiffs bring this suit as a class action pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23.

24. The putative classes Plaintiffs will seek to certify are currently composed of and defined as follows:

  a. All California-based "Gray Shirts" (as defined, supra) employed by Defendants during the appropriate time period to whom Defendants failed to fully reimburse for work-related expenses (hereinafter, the "Reimbursements Class"); and

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 5 -
ESCALANTE v. AUTOZONE - FIRST AMENDED COMPLAINT

    b. All California-based "Gray Shirts" (as defined, supra) employed by Defendants during the appropriate time period regarding whom Defendants have engaged in unlawful, unfair and/or fraudulent business acts or practices prohibited by B&PC §17200, et seq. as described herein (hereinafter, the "17200 Class").

25. The Reimbursements Class and 17200 Class are hereinafter collectively referred to as the "Classes."

26. Throughout discovery in this litigation, Plaintiffs may find it appropriate and/or necessary to amend the definition of the Classes. Plaintiffs reserve their right pursuant to FRCP Rule 23(c)(5) to amend or modify the Class definitions with greater specificity or further division into subclasses or limitation to particular issues. Plaintiffs will formally define and designate a class definition at such time when Plaintiffs seek to certify the Classes alleged herein.

27. Numerosity:

    a. The potential quantity of members of the Classes as defined is so numerous that joinder of all members is unfeasible and impractical.

    b. The disposition of the claims of the members of the Classes through this class action will benefit both the parties and this Court.

    c. The quantity of members of the Classes is unknown to Plaintiffs at this time; however, it is estimated that the membership of the Classes numbers greater than 100 individuals.

    d. The quantity and identity of such membership is readily ascertainable via inspection of Defendants' records.

28. Superiority: The nature of this action and the nature of the laws available to Plaintiffs make the use of the class action format particularly efficient and the appropriate procedure to afford relief to Plaintiffs for the wrongs alleged herein, as follows:

a. California has a public policy which encourages the use of the class action device;

b. By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation;

c. This case involves large corporate Defendants and a large number of individual Class members with many relatively small claims and common issues of law and fact;

d. If each individual member of the Classes was required to file an individual lawsuit, the large corporate Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each individual member of the Classes with Defendants' vastly superior financial and legal resources;

e. Requiring each individual member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by the members of the Classes who would be disinclined to pursue an action against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being;

f. Proof of a common business practice or factual pattern, of which the members of the Classes experienced, is representative of the Classes herein and will establish the right of each of the members of the Classes to recover on the causes of action alleged herein;

///

- 7 -
**ESCALANTE v. AUTOZONE - FIRST AMENDED COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

g. Absent class treatment, the prosecution of separate actions by the individual members of the Classes, even if possible, would likely create:

    i)     a substantial risk of each individual plaintiff presenting in separate, duplicative proceedings the same or essentially similar arguments and evidence, including expert testimony;

    ii)     a multiplicity of trials conducted at enormous expense to both the judicial system and the litigants;

    iii)     inconsistent or varying verdicts or adjudications with respect to the individual members of the Classes against Defendants; and

    iv)     potentially incompatible standards of conduct for Defendants;

    v)     potentially incompatible legal determinations with respect to individual members of the Classes which would, as a practical matter, be dispositive of the interest of the other members of the Classes who are not parties to the adjudications or which would substantially impair or impede the ability of the members of the Classes to protect their interests.

h. The claims of the individual members of the Classes are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attendant thereto;

i. Courts seeking to preserve efficiency and other benefits of class actions routinely fashion methods to manage any individual questions; and

///

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 8 -

**ESCALANTE v. AUTOZONE - FIRST AMENDED COMPLAINT**

j. The Supreme Court of California urges trial courts, which have an obligation to consider the use of innovative procedural tools to certify a manageable class, to be procedurally innovative in managing class actions.

29. <u>Typicality</u>: The claims of Plaintiff HAYDEE ESCALANTE are typical of the claims of all members of the Classes she seeks to represent because all members of the Classes sustained injuries and damages arising out of Defendants' common course of conduct in violation of law and the injuries and damages of all members of the Classes were caused by Defendants' wrongful conduct in violation of law, as alleged herein.

30. <u>Adequacy</u>: Plaintiff HAYDEE ESCALANTE:

a. is an adequate representative of the Classes she seeks to represent;

b. will fairly protect the interests of the members of the Classes;

c. has no interests antagonistic to the members of the Classes; and

d. will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.

31. <u>Predominant Common Questions of Law or Fact</u>: There are common questions of law and/or fact as to the members of the Classes which predominate over questions affecting only individual members of the Classes, including, without limitation:

a. Whether the members of the Reimbursements Class were fully reimbursed by Defendants for all work-related expenses;

b. Whether the members of the Classes are entitled to penalties pursuant to <u>Labor Code</u> §§2699, et seq.

c. Whether Defendants' conduct constitutes unfair competition within the meaning of <u>B&PC</u> §17200, et seq.;

d. Whether Defendants' conduct constitutes unfair business practices within the meaning of <u>B&PC</u> §17200, et seq.;

- 9 -

**ESCALANTE v. AUTOZONE - FIRST AMENDED COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

  e. Whether the members of the Classes are entitled to compensatory damages, and if so, the means of measuring such damages;

  f. Whether the members of the Classes are entitled to injunctive relief;

  g. Whether the members of the Classes are entitled to restitution; and

  h. Whether Defendants are liable for attorneys' fees and costs.

32. Whether each member of the Classes might be required to ultimately justify an individual claim does not preclude maintenance of a class action (see, e.g. Collins v. Rocha (1972) 7 Cal.3d 232, 238).

## V.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## FAILURE TO FULLY REIMBURSE FOR WORK EXPENSES

**(On Behalf of the Reimbursements Class)**

**(Against All Defendants)**

33. Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

34. Pursuant to Labor Code §450(a), "no employer…may compel or coerce any employee… to patronize his or her employer, or any other person, in the purchase of any thing of value."

35. Pursuant to Labor Code §2802(a), "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer."

36. Labor Code §2804 states in pertinent part: "Any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof is null and void, and this article shall not deprive any

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 10 -

**ESCALANTE v. AUTOZONE - FIRST AMENDED COMPLAINT**

employee or his personal representative of any right or remedy to which he is entitled under the laws of this State."

37. As a matter of Defendants' established company policy, the members of the Reimbursements Class were and are required by Defendants to personally incur necessary expenditures in direct consequence of the discharge of their duties, including but not limited to the reasonable use of their personal vehicle (including but not limited to such required tasks as inter-store product transfers and errands to non-Defendant stores, bank runs for deposits and/or change, manager meetings and training classes, as well as the required use of their personal cellular telephones during these work-related errands.

38. Defendants are legally required to reimburse the members of the Reimbursements Class for all necessary expenditures at a reasonable rate.

39. Defendants failed to fully and reasonably reimburse the members of the Reimbursements Class for all necessary expenditures at a reasonable rate, including but not limited to the aforementioned expenditures.

40. As a proximate result of the aforementioned violations of Labor Code §450(a) and §2802(a), the members of the Reimbursements Class are entitled to recovery from Defendant of the unpaid balance for all necessary expenditures at a reasonable rate, including but not limited to the aforementioned expenditures.

41. As a proximate result of the aforementioned violations of Labor Code §450(a) and §2802(a), the members of the Reimbursements Class have been damaged in an amount according to proof at the time of Trial.

42. Pursuant to Labor Code §2802(b), the members of the Reimbursements Class request that the Court award interest at the same rate as judgments in civil actions, accruing from the date on which each member of the Reimbursements Class incurred the necessary expenditure or loss.

///

///

43. Pursuant to Labor Code §2802(c), the members of the Reimbursements Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

## SECOND CAUSE OF ACTION

## PENALTIES PURSUANT TO LABOR CODE §2699

### (On Behalf of All Classes)

### (Against All Defendants)

44. Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

45. Pursuant to Labor Code §2699(a) (which provides that any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees), the members of all Classes seek recovery of applicable civil penalties.

46. Pursuant to Labor Code §2699(e) (which provides that for all provisions of the Labor Code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions), the members of all Classes seek recovery of the applicable civil penalties pursuant to Labor Code §2699(e)(2) as follows:

    a. One hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation; and

    b. Two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation.

47. Labor Code §2699.3(a) states in pertinent part: "A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section 2699.5 shall commence only after the

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

following requirements have been met: (1) The aggrieved employee or representative shall give written notice by certified mail to the Labor and Workforce Development Agency and the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation.

48.  Here, Plaintiffs' civil action alleges violations of provisions listed in Labor Code §2699.5. As such, Labor Code §2699.3(a) applies to this action, and Labor Code §2699.3(b) and §2699.3(c) do not apply to this action.

49.  On June 4, 2010, Plaintiffs complied with Labor Code §2699.3(a) in that Plaintiffs gave written notice by certified mail to the Labor and Workforce Development Agency ("LWDA") and Defendants of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violation. Attached hereto as Exhibit "1" is Plaintiffs' LWDA letter.

50.  Labor Code §2699.3(a) further states in pertinent part: "(2)(A) The agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 30 calendar days of the postmark date of the notice received pursuant to paragraph (1). Upon receipt of that notice or if no notice is provided within 33 calendar days of the postmark date of the notice given pursuant to paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2699."

51.  On July 7, 2010, Plaintiffs received from the LWDA, via certified mail, a notification that the agency does not intend to investigate the alleged violation. Attached hereto as Exhibit "2" is the LWDA's letter.

52.  As such, Plaintiffs have complied with Labor Code §2699.3(a) and have been given authorization therefrom to commence a civil action which includes a cause of action pursuant to Labor Code §2699.

///

## THIRD CAUSE OF ACTION
## UNFAIR BUSINESS PRACTICES
### (On Behalf of Plaintiffs and All Others Similarly Situated)
### (Against All Defendants)

53. Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

54. B&PC §17200 provides in pertinent part "…[U]nfair competition shall mean and include any unlawful, unfair or fraudulent business act…".

55. B&PC §17205 provides that unless otherwise expressly provided, the remedies or penalties provided for unfair competition "are cumulative to each other and to the remedies or penalties available under all other laws of this state."

56. B&PC §17204 provides that an action for any relief from unfair competition may be prosecuted by any person who has suffered injury in fact and has lost money or property as a result of such unfair competition.

57. Defendants have engaged in unlawful, unfair and fraudulent business acts or practices prohibited by B&PC §17200, including those set forth in the preceding and foregoing paragraphs of the complaint, thereby depriving Plaintiffs and all others similarly situated of the minimum working standards and conditions due to them under the Labor Code and/or the IWC Wage Orders, as specifically described herein.

58. Defendants have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined in the preceding paragraphs, specifically, by requiring employees to perform the labor services complained of herein without the requisite compensation.

59. Defendants' use of such practices constitutes an unfair business practice, unfair competition and provides an unfair advantage over Defendants' competitors.

60. Plaintiffs have suffered injury in fact and have lost money or property as a result of such unfair competition.

61. Plaintiffs seek full restitution from Defendants, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants by means of the unfair practices complained of herein.

62. Further, if Defendants are not enjoined from the conduct set forth above, Defendants will continue to practice, employ and utilize the employment practices outlined in the preceding paragraphs.

63. Therefore, Plaintiffs request that the Court issue a preliminary and permanent injunction prohibiting Defendants from engaging in the foregoing conduct.

64. Plaintiffs seek the appointment of a receiver, as necessary, to establish the total monetary relief sought from Defendants.

## FOURTH CAUSE OF ACTION

## DECLARATORY RELIEF [CCP §1060]

### (On Behalf of Plaintiffs and All Others Similarly Situated)

### (Against All Defendants)

65. Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

66. CCP §1060 provides that any person who desires a declaration of his or her rights or duties with respect to another, in cases of actual controversy relating to the legal rights and duties of the respective parties, may ask the Court for a declaration of rights or duties, and the Court may make a binding declaration of these rights or duties, whether or not further relief is or could be claimed at the time; any such declaration by the Court shall have the force of a final judgment.

67. Defendants continue to this day to engage in some or all of the unlawful and unfair conduct as described herein.

- 15 -

**ESCALANTE v. AUTOZONE - FIRST AMENDED COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

68. An actual controversy exists in that Defendants assert they have the legal right to perform the acts as described herein.

69. Plaintiffs desire a declaration as to the rights of Plaintiffs and all others similarly situated with respect to Defendants' unlawful and unfair conduct, as described herein.

70. It is therefore necessary that the Court declare the rights and duties of the parties hereto.

## VI.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray:

a. That the Court issue an Order certifying the Classes herein, appointing all named Plaintiffs as representative of all others similarly situated, and appointing all law firms representing all named Plaintiffs as counsel for the members of the Classes;

As to the First Cause of Action for Unpaid Reimbursements for Work Expenses:

b. For recovery of the unpaid balance for all necessary expenditures and losses incurred in direct consequence of the discharge of Defendants' duties;

c. For interest thereon at the same rate as judgments in civil actions, accruing from the date on which each member of the Reimbursements Class incurred the necessary expenditure or loss, pursuant to Labor Code §2802(b);

As to the Second Cause of Action for Penalties pursuant to Labor Code §2699:

d. For penalties as authorized by Labor Code §2699;

As to the Third Cause of Action for Unfair Business Practices:

e. For an accounting, under administration of Plaintiffs and/or the receiver and subject to Court review, to determine the amount to be returned by Defendants, and the amounts to be refunded to members of the Classes who are owed monies by Defendants;

///

f.  For an Order requiring Defendants to identify each of the members of the Classes by name, home address, and home telephone number;

g.  For an Order requiring Defendants to make full restitution and payment pursuant to California law;

h.  For an Order for a preliminary and/or permanent injunction prohibiting Defendants from engaging in the acts complained of herein;

i.  For the creation of an administrative process wherein each injured member of the Classes may submit a claim in order to receive his/her money;

j.  For all other appropriate injunctive, declaratory and equitable relief;

k.  For interest to the extent permitted by law;

l.  For an award of attorneys' fees and costs incurred in the investigation, filing and prosecution of this action pursuant to CCP §1021.5, B&PC §17200, et seq., Labor Code §1194 and/or any other applicable provision of law;

As to the Fourth Cause of Action for Declaratory Relief:

m.  A Declaration from the Court determining the rights of Plaintiffs and all others similarly situated regarding Defendants' unlawful and unfair conduct as described herein;

n.  Such further Declaration of rights as the Court may deem proper; and

o.  Payment of costs and attorneys' fees from the amount recovered for the common benefit of Plaintiffs and all others similarly situated.

As to All Causes of Action:

p.  For such other and further relief as this Court may deem just and proper; and

q.  For reasonable attorneys' fees and costs incurred.

///
///
///
///

**ESCALANTE v. AUTOZONE - FIRST AMENDED COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

## VII.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

Dated: February 7, 2011           LAW OFFICES OF KEVIN T. BARNES

By:   /S/ Kevin T. Barnes
      Kevin T. Barnes, Esq.
      Gregg Lander, Esq.
      Attorneys for Plaintiffs

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 18 -

**ESCALANTE v. AUTOZONE - FIRST AMENDED COMPLAINT**

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, the undersigned, am over the age of 18 years and not a party to this action. My business address is 5670 Wilshire Boulevard, Suite 1460, Los Angeles, California 90036-5627, which is located in Los Angeles County, where the service herein occurred.

On the date of execution hereof, I caused to be served the following attached document/s:

**FIRST AMENDED COMPLAINT**

on the interested parties in this action, addressed as follows:

| *Attorneys for Defendant:* | *Attorneys for Plaintiff:* |
|---|---|
| Jeremy A. Roth, Esq.<br>Jerrilyn T. Malana, Esq.<br>LITTLER MENDELSON<br>501 W. Broadway, Suite 900<br>San Diego, CA 92101-3577<br>Tel.: (619) 232-0441<br>Fax: (619) 232-4302<br>Email: JRoth@littler.com | Joseph Antonelli, Esq.<br>Janelle Carney, Esq.<br>LAW OFFICE OF JOSEPH ANTONELLI<br>1000 Lakes Drive, Suite 450<br>West Covina, CA 91790-2918<br>Tel.: (626) 917-6228<br>Fax: (626) 917-7686<br>Email: JAntonelli@antonellilaw.com |

using the following service method(s):

__X__ **VIA ELECTRONIC SERVICE:** The above documents were electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the above interested parties.

I DECLARE under penalty of perjury that the foregoing is true and correct.

Executed on **February 7, 2011**, at Los Angeles, California.

                                      /s/ Gregg Lander<br>
                                      **Gregg Lander**

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 1 -
**PROOF OF SERVICE**