IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: AUTOZONE, INC. WAGE AND HOUR EMPLOYMENT PRACTICES LITIGATION _____/ | No. 10-md-02159 CRB (JSC)<br><br>**ORDER RE: PLAINTIFFS' MOTION TO COMPEL CLASS LISTS (Dkt. No. 58)** |

Now pending before the Court is Plaintiffs' motion to compel production of the contact information for members of the putative class. Plaintiffs seek disclosure of the names, addresses and telephone numbers of the approximately 35,000 class members who overlap with the class in Myart v. Autozone, Orange County Superior Court No. 05CC03219; in other words, names and contact information that have already been compiled. The parties agree that Defendant should produce the class list; instead, they disagree as to whether the class members should first be given the opportunity to "opt out" of disclosure of their contact information (known as a *Belaire-West* notice) and, if so, which party should bear the cost of such a procedure. After carefully considering the parties' written submissions, and having had the benefit of oral argument on November 17, 2011, the Court concludes that to the extent Plaintiffs seek the putative class members' telephone numbers, and intend to contact class members by telephone, a *Belaire-West* notice is appropriate. Further, because the notice is being used to facilitate Plaintiffs' investigation, Plaintiffs should pay the cost of such notice.

## DISCUSSION

The *Belaire-West* notice refers to written notice given to putative class members before their contact information is disclosed to putative class counsel; the notice gives each class member the opportunity to "opt out" of disclosure of their information. In deciding whether to order disclosure of the putative class members' contact information (name, last-known address, last-known telephone number) courts balance the following factors: (1) if the class member has a legally protected privacy interest; (2) whether the putative class member has a reasonable expectation of privacy; and (3) whether production of the information constitutes a serious invasion of privacy. Murphy v. Target Corp., 2011 WL 2413439 *3 (S.D. Cal. June 14, 2011) (citing Pioneer Electronics v. Superior Court, 40 Cal.4th 360 (2007)).

As a preliminary matter, the Court notes that in a stipulation filed with the Court on October 26, 2011, the parties--including Plaintiffs--represented that the only issue remaining was which parties should bear the cost of a *Belaire-West* notice, not whether a *Belaire-West* notice is appropriate. (Dkt. No. 56.) In arguing that Defendant, and not Plaintiffs, should bear the cost, Plaintiffs assert that the notice is not required. While this position appears somewhat contradictory, the Court concludes that Plaintiffs are not barred by the stipulation from making this argument. As the Court understands it, Plaintiffs believed and continued to believe that such a notice is not required, but in a spirit of compromise they were willing to agree to such notice provided Defendants bore the cost.

That being said, the Court concludes that a *Belaire-West* opt out procedure is required to the extent Plaintiffs seek the telephone numbers of the putative class members and intend to use those numbers to contact the class members. While many courts have required the *Belaire-West* notice for mere disclosure of the name and address of putative class members, the Court is not persuaded that such disclosure constitutes such a serious invasion of privacy that an "opt out" procedure is required, at least where Plaintiffs intend to use the information to contact the putative class member by mail. This conclusion is especially warranted here given that the putative class members have already had their contact information disclosed to

plaintiffs in a related class action so that they can be contacted by mail. Contact by telephone, on the other hand, constitutes a more serious invasion of privacy because the putative class members cannot ignore a telephone call the same way they can ignore a solicitation that arrives by mail. See Tomassi v. City of Los Angeles, 2008 WL 4722393 *3-4 (C.D. Cal. Oct. 24, 2008) (granting motion to compel disclosure of the names and addresses of putative class members, but denying motion to the extent the plaintiffs sought class members' telephone numbers and emails). At oral argument Plaintiffs confirmed that they intend to contact the putative class members by their cellular telephone numbers.

The Court also finds that Plaintiffs, rather than Defendant, should pay the cost of the required *Belaire West* procedure. The notice is not properly categorized as a cost of complying with a discovery request; instead, the notice is required because of Plaintiffs' desire to use the list to contact putative class members by telephone as part of their investigation. Moreover, the reason the potential cost of the notice is so high is because Plaintiffs seek the contact information for approximately 35,000 class members. Plaintiffs are in the best position to weigh the usefulness of the information they seek versus the cost.

## CONCLUSION

For the reasons explained above and at oral argument on November 17, 2011, a *Bel Aire West* notice, at Plaintiffs' cost, is required to the extent Plaintiffs seek the telephone numbers of the putative class members in addition to their names and addresses. The parties are directed to work out the wording of the notice and an appropriate protective order.

This Order disposes of Docket No. 58.

**IT IS SO ORDERED.**

Dated: November 17, 2011

JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

3