IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: AUTOZONE, INC., WAGE AND HOUR EMPLOYMENT PRACTICES LITIGATION | Case No.: 10-2159 CRB (JSC)<br><br>**ORDER RE: DISCOVERY DISPUTE OVER CLASS MEMBERS' TIME AND PAYROLL RECORDS (Dkt. No. 71)** |

Now pending before the Court is Plaintiffs' pre-certification request for time and payroll records from December 7, 2002 through the present for all 30,888 potential class members. (Dkt. No. 71.) Approximately 72% of the records sought—from December 7, 2002 through August 14, 2009 for all 30,888 individuals—were already produced in Myart v. AutoZone, Orange County Super. Ct., Case No. 05CC03219. (Dkt. No. 71 at 5.) Plaintiffs allege that the Myart data is insufficient, and additional records from August 15, 2009 through the present are discoverable and necessary for class certification. Defendant AutoZone agrees to amend the Myart protective order to allow Plaintiffs access to the Myart data if this production would resolve the discovery dispute but contends that additional discovery would be unduly burdensome, requiring four weeks and generating 700,000 documents that the parties must then screen. (Dkt. No. 71 at 6.)

After carefully considering the parties' arguments, the Court tentatively rules that production of the Myart data—which Defendant describes as containing "hundreds of thousands of records reflecting time and payroll information for all putative class members between 2001 and August 14, 2009 (the payroll records show additional data through September 26, 2009)"—is sufficient production for class certification purposes. (Dkt. No. 71 at 5 n.4.) The Court's ruling is predicated on Defendant's agreement that it will not argue against Plaintiffs' class certification motion based on the lack of time and payroll records from August 14, 2009 through the present. If Defendant wishes to reserve the right to make such an argument, then Plaintiffs' request for production of time and payroll records post-Myart appears reasonable.

The parties should inform the Court in writing if they accept this ruling by 2:00 p.m. on April 4, 2012. If either party objects to the ruling, then the hearing will occur as scheduled on April 5, 2012. Again, by choosing not to object to this tentative ruling, Defendant represents that it will not challenge Plaintiffs' class certification motion based on the unproduced documentation from August 15, 2009 through the present.

**IT IS SO ORDERED.**

Dated: April 3, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE