IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: AutoZone, Inc., Wage and Hour Employment Practices Litigation | No.: 3:10-md-02159-CRB<br>Hon. Charles R. Breyer<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |

On December 21, 2012, this Court issued an Order denying Plaintiff Haydee Escalante's Motion for Class Certification.[1] See Order (dkt. 174). Escalante now moves the Court for leave to file a motion for reconsideration of that Order, challenging only the Court's denial as to the thirty-cent reimbursement subclass. See Mot. (dkt. 175). Plaintiff's Motion is based on Civil Local Rule 7-9, and notes that the reconsideration motion would also seek relief pursuant to Federal Rule of Civil Procedure 60(b)(1). As explained below, the Court finds that Plaintiff has not met her burden under either rule.

To be granted leave to file a motion for reconsideration, a party must demonstrate one of the following:

---

[1] The Order also granted in part and denied in part the Ellison Motion for Class Certification, but that portion of the Order is not at issue here.

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party shall also show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
> (3) A manifest failure by the court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b). Plaintiff argues for reconsideration on all three grounds.

First, Plaintiff argues that a material difference in fact exists from that which was presented to the Court: the fact that Plaintiff has "secured the services of at least two potential replacement class representatives, who do not suffer from the same typicality concerns that the Court expressed regarding Plaintiff Escalante." Mot. at 4. But Plaintiff gives short shrift to the other requirement of Rule 7-9(b)(1) – that the party show "that in the exercise of reasonable diligence," she "did not know such fact . . . at the time of the interlocutory order." See Civil L.R. 7-9(b)(1). The declarations from the two proposed replacement class representatives, which Plaintiff submitted in support of her Motion, are dated before the class certification hearing. See Barnes Decl. Exs. 2 and 3 (dkt. 175-2). Therefore, Plaintiff knew of "such fact" at the time of the interlocutory order.

Second, Plaintiff argues that the existence of the two potential replacement class representatives is a "new material fact" occurring after the time of the interlocutory order. Mot. at 4. But, given that the declarations were signed before the hearing, their existence is not new.

Third, Plaintiff argues that "there has been a manifest failure by the Court to consider material facts . . . presented before entry of judgment." Id. at 4-5. Plaintiff does not really

2

argue that she ever presented the Court with the fact of the potential replacement class representatives' existence, nor could she. Instead she argues that her counsel "was given very little time to even argue" on behalf of the subclass, and had no opportunity to make a record. Id. at 5. Even if this was the same thing as having presented the Court with information – and it is not – Plaintiff is wrong. Plaintiff's counsel could have spoken up at the motion hearing. Even if an attempt to be "deferential to the Court and respectful of the Court's time" led to counsel's silence, id. at 6, nothing prevented Plaintiff from presenting those material facts either in the Reply brief or anytime between the motion hearing and the entry of the Court's Order.

Because Plaintiff has not met the requirements for any of the three grounds under Rule 7-9(b), reconsideration is not appropriate. Moreover, to the extent that Plaintiff seeks to rely on Rule 60(b)(1), Plaintiff has not at this point demonstrated that her "mistake" was either unexpected or unavoidable, rather than careless. See In re M/V Peacock on Complaint of Edwards, 809 F.2d 1403, 1405 (9th Cir. 1987).

Accordingly, the Motion for Leave to File a Motion for Reconsideration is DENIED.

**IT IS SO ORDERED.**

Dated: January 1, 2013

HON. CHARLES R. BREYER
UNITED STATES DISTRICT
JUDGE

3