United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: AUTOZONE, INC., WAGE AND HOUR EMPLOYMENT PRACTICES LITIGATION | Case No.: 10-2159 CRB (JSC)<br>**ORDER RE: JOINT DISCOVERY LETTERS (Dkt. Nos. 187-189)** |

Presently before the Court are three joint discovery letters concerning: 1) Plaintiffs' notices of 30(b)(6) deposition; 2) Plaintiffs' consolidated request for production of documents; and 3) Plaintiffs' consolidated interrogatories. (Dkt. Nos. 187-189.) After carefully considering the parties' disputes, the Court concludes that oral argument is unnecessary, *see* L.R. Civ. 7-1(b), and rules as set forth below.

Defendant first argues that the Court should stay all discovery pending the resolution of Defendant's motion for reconsideration of Judge Breyer's order granting class certification, which is set for hearing on June 28, 2013. Defendant asserts that a stay is appropriate because all of Plaintiffs' pending discovery requests are unduly burdensome because, in Defendant's view, "it is not certain that Plaintiffs' rest-break claim will be allowed to proceed as a class action." (Dkt. No. 187 at 4.) The Court disagrees. What is certain is that the claim is presently certified to proceed as a class action despite Defendant's belief that it should not. Defendant offers no authority for its

assertion that discovery should be stayed merely because a defendant has filed a motion for reconsideration. Because Defendant has not demonstrated any good cause for its request for a stay, Defendant's request is DENIED.

Defendant also argues that, even if the Court declines to stay discovery, Plaintiffs' requests should all be denied because they are premature in that the parties have not met and conferred regarding the substance of those requests; the parties have met and conferred regarding only Defendant's contention that discovery should be stayed. Plaintiffs do not respond to this argument. The Court's standing orders require the parties to meet and confer before bringing discovery disputes to the Court for resolution. *See* Civil Standing Orders for Magistrate Judge Jacqueline Scott Corley, at 4 ("The counsel for each party shall meet and confer in person, or, if counsel are located outside the Bay Area, by telephone, to attempt to resolve their dispute informally."). Because the parties have not met and conferred regarding any disputed discovery issue beyond the stay, the Court HEREBY ORDERS the parties to conduct such a meet and confer no later than July 2, 2013. If any disputes remain following the meet and confer, the parties shall submit those disputes to the Court pursuant to its standing orders no later than July 9, 2013.

**IT IS SO ORDERED.**

Dated:  June 24, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE