UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY ELLISON, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>AUTOZONE, INC,<br><br>    Defendant. | Case No. 10-md-02159-CRB   (JSC)<br><br>**ORDER RE:  DISCOVERY DISPUTES**<br>Re: Dkt. Nos. 218, , 219 |

This matter has been referred to the undersigned magistrate judge for the purposes of discovery. (Dkt. No. 42.)[1] Presently before the Court are two joint discovery letters concerning Plaintiffs' request for an order compelling Defendant to designate 30(b)(6) witnesses on certain topics. (Dkt. Nos. 218, 219.) The first dispute involves Plaintiffs' request that Defendant designate a 30(b)(6) witness to discuss changes in certain policies and practices that relate to claims under the California Private Attorney General Act ("PAGA"), Cal. Labor Code § 2699. (Dkt. No. 218.) In the second, Plaintiff seeks a 30(b)(6) designee to testify to the facts underlying all affirmative defenses pleaded in the answer. (Dkt. No. 219.) The Court finds the disputes suitable for disposition without oral argument pursuant to Local Rule 7-1(b). Having reviewed the parties' arguments and the long history of filings in this matter, the Court DENIES Plaintiffs' requests without prejudice as set forth below.

**DISCUSSION**

**I.   Plaintiffs' First Request—PAGA Claims (Dkt. No. 218)**

Plaintiffs first seek an order compelling Defendant to designate a 30(b)(6) witness on

---

[1] Docket numbers throughout refer to the consolidated MDL docket, unless a case number for a particular case is provided.

United States District Court
Northern District of California

topics relating to changes in Defendant's policies and practices regarding meal breaks and off-the-clock work. (Dkt. No. 218.) The parties agree that this information is relevant to claims arising under PAGA; the gravamen of their dispute is whether Plaintiffs' PAGA claim is still at issue, which in turn depends on whether Plaintiffs alleged it as a class action or representative claim. There is some dispute over whether Plaintiff sought certification of a PAGA class. (*Compare* Dkt. No. 218 at 3, *with id.* at 9.) In any event, the parties agree that the Court's class certification order did not certify such a class. (*See* Dkt. No. 174.) From Plaintiffs' perspective, their PAGA claim is representative and such claims do not require class certification under Rule 23, such that discovery on these topics is relevant even though no PAGA class was certified. (*Id.* at 3.) Defendant counters that Plaintiffs expressly alleged the PAGA claim as a class action in the operative complaint, and because the Court did not certify a PAGA class, the claim cannot proceed. (*Id.* at 7.) Defendant further argues that even if construed as a representative claim instead of a class action, Plaintiffs would nonetheless be required to establish that Rule 23's requirements are met. (*Id.*)

The California Supreme Court has held that a representative PAGA claim is not subject to state class certification requirements. *See Arias v. Super. Ct.*, 466 Cal. 4th 969, 977 n.2 (2009). In *Baumann v. Chase Investment Services Corp.*, 747 F.3d 1117 (2014), the Ninth Circuit emphasized that a representative PAGA claim is distinct from a class action claim for a number of reasons. 747 F.3d at 1121-24. After *Baumann*, although some district courts have continued to apply Rule 23's numerosity, typicality, and commonality requirements to representative PAGA claims, "the majority of courts that have addressed the question of whether Rule 23 applies" to such claims have found that it "need not." *Villalpando v. Exel Direct Inc.*, No. 12-cv-4137 JCS, 2014 WL 1338297, at *20 (N.D. Cal. Mar. 28, 2014). The undersigned need not stake out a position in this debate at this time, however, because the operative pleading is unclear as to whether Plaintiffs have even alleged a representative PAGA claim in the first instance.

Plaintiffs labeled the entire pleading a class action complaint. (Dkt. No. 47 in No. 06-7522

2

at 1.)[2] The class action allegations indicate that all of Plaintiffs' claims—including claims to recover for Defendant's failure to provide meal breaks and off-the-clock compensation, which arise under PAGA and are at issue now—are brought as class actions pursuant to Rule 23. (*Id.* ¶¶ 18-19.) What is more, the complaint specifically alleges a PAGA class. (*Id.* ¶ 34(I).) There is no separate PAGA cause of action in the complaint, and certainly no reference to such a claim being brought in a representative capacity. The only other reference to PAGA is Plaintiffs' request for civil penalties under that law. (*Id.* at 25.) Since the plain language of the complaint indicates Plaintiffs pleaded their PAGA claim as a class action, it is unclear whether a representative PAGA claim is even alleged. The district court neither certified a PAGA class nor stated that the PAGA claims could proceed as representative without certification. At bottom, then, adjudicating this discovery request requires substantively reviewing the claims in the complaint, which remains within the purview of the district court; the parties should meet and confer to determine how to proceed before the district court to resolve this issue.[3]

Accordingly, the Court DENIES Plaintiffs' request for an order compelling a 30(b)(6) designee on topics related to their PAGA claims. This denial is without prejudice to Plaintiffs renewing the request once the district court has determined the scope of Plaintiffs' PAGA claim. Should the district court allow the PAGA claim to continue as a representative claim, however, the Court expects that Defendant will agree to the 30(b)(6) deposition without further court intervention.

## II.     Plaintiffs' Second Request—Affirmative Defenses (Dkt. No. 219)

The second dispute concerns Plaintiffs' request for an order compelling Defendant to designate a 30(b)(6) witness to testify to the facts underlying 18 of the 22 affirmative defenses that Defendant asserted. (Dkt. No. 219.) Defendant concedes that the factual basis of affirmative

---

[2] The undersigned reviews Plaintiff Ellison's second amended complaint to be the operative complaint for the majority of plaintiffs. Although Plaintiff Haydee Escalante filed an amended complaint more recently, she does not allege a PAGA claim. (*See* Dkt. No. 26.)

[3] Plaintiffs may wish to file a motion for leave to amend the complaint to allege a representative PAGA claim and/or Defendant may wish to file a motion to dismiss the PAGA claim given the failure to certify a class.

defenses is an appropriate topic of discovery and objects only to the form of Plaintiffs' request; that is, Defendant argues that information about the facts underlying affirmative defenses is more appropriately discovered through interrogatories, not a deposition. (*Id.* at 5.) While some courts have allowed 30(b)(6) questioning regarding the factual basis for affirmative defenses, interrogatories are the preferred approach. *See, e.g.*, *T.V. Interactive Data Corp. v. Sony Corp.*, No. C 10-475 PJH (MEJ), 2012 WL 1413368, at *2 (N.D. Cal. Apr. 23, 2012) (collecting cases); *see also McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, *overruled on other grounds by* 765 F. Supp. 611 (N.D. Cal. 1991). Further, courts have rejected 30(b)(6) requests that "seek[ ] the production of a corporate witness regarding *all* facts and contentions for *each* of [the defendant's] affirmative defenses," and instead require more targeted requests, like the factual predicate underlying a few particular defenses. *T.V. Interactive Data Corp.*, 2012 WL 1413368, at *1. What is more, contrary to Plaintiffs' contention that deposition testimony is required here because Defendant "has refused to provide the factual basis for them in interrogatory responses," it appears that Defendant expressed willingness to respond to interrogatories—of course, subject to objection—but Plaintiffs never propounded any. (Dkt. No. 219 at 3, 8.)

      Put simply, Plaintiffs have not persuaded the Court that they could not learn the same information they seek through this deposition through interrogatories. The Court therefore DENIES Plaintiffs' request for an order compelling Defendant to designate a 30(b)(6) witness to testify about the factual basis of all affirmative defenses. This denial is without prejudice to renewing the request once Defendant has had the opportunity to respond to interrogatories. Given the boilerplate nature of the 22 affirmative defenses in Defendant's amended answer, and the fact that years of litigation have passed since Defendant first asserted those defenses, it is to be expected that some of these defenses are no longer at issue. Accordingly, on or before April 9, 2015, the parties must meet and confer in person or by telephone, in a good faith effort to narrow the number of affirmative defenses that Defendant still wishes to assert. There is no point in having Plaintiffs propound interrogatories regarding affirmative defenses that Defendant does not intend to press. Once Plaintiffs propound the contention interrogatories, Defendant shall respond within 20 days.

**CONCLUSION**

For the reasons described above, the Court DENIES Plaintiffs' discovery requests. Specifically, Plaintiffs' request for a 30(b)(6) designee on topics related to their PAGA claim is denied without prejudice to refiling after the district court has clarified whether such claims remain in the case, although the Court expects that refiling will not be necessary if the district court allows the claim to proceed in a representative capacity. Plaintiffs' request for a 30(b)(6) designee on topics related to affirmative defenses is denied without prejudice to refiling after the parties meet and confer to narrow the number of defenses asserted and Defendant has had the opportunity to respond to interrogatories about those defenses as described above.

This Order disposes of Docket Nos. 218 and 219.

**IT IS SO ORDERED.**

Dated: April 2, 2015

JACQUELINE SCOTT CORLEY
United States Magistrate Judge