IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: AutoZone, Inc., Wage and Hour Employment Practices Litigation _____/ | No.: 3:10-md-02159-CRB<br>Hon. Charles R. Breyer<br><br>**ORDER DENYING MOTION FOR LEAVE TO AMEND ELLISON'S SECOND AMENDED COMPLAINT** |

Plaintiffs in this case move for leave to amend the complaint—i.e., to file a Third Amended Complaint—in order to allege a separate cause of action for a representative claim under the California Private Attorneys General Act (PAGA). See generally Mot. (dkt. 222). The Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), VACATES the hearing currently set for Friday, June 26, 2015, and DENIES the Motion.

This Motion is the result of a discovery dispute. Plaintiffs sought an order compelling Defendant to designate a Rule 30(b)(6) witness pertaining to meal break and off-the-clock break practices, which the parties agree would be relevant to a PAGA claim. See Order Re: Discovery Disputes (dkt. 220) at 1-2. However, the parties could not agree whether there

was a PAGA claim in the case. Id. at 2.[1] In seeking to resolve the discovery dispute, Judge Corley noted that: (1) the Second Amended Complaint (the operative complaint) was labeled a class action complaint; (2) the class action allegations indicate that Plaintiffs' claims are brought as class actions pursuant to Rule 23; (3) the complaint specifically alleged a PAGA class but did not include a separate PAGA cause of action brought in a representative capacity; and (4) the only other reference to PAGA is a request for civil penalties under PAGA. Id. at 2-3 (citing SAC (dkt. 47) in No. 06-7522) at 1, ¶¶ 18-19, 34(I), 25). Concluding that "it is unclear whether a representative PAGA claim is even alleged," Judge Corley denied without prejudice the motion to compel and invited this Motion. Id. at 3, n.3 ("Plaintiffs may wish to file a motion for leave to amend the complaint to allege a representative PAGA claim and/or Defendant may wish to file a motion to dismiss the PAGA claim given the failure to certify a class.").

Plaintiffs thus move to amend the complaint to add a representative PAGA claim—an action they characterize as "clarif[ying] the current operative complaint." Mot. at 1. Under Rule 15, a party may amend its pleading with the court's leave, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has instructed that the policy favoring amendment "should be applied with 'extreme liberality.'" United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981). Nonetheless, leave to amend need not be granted where amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay.

---

[1] Certainly this Court has not certified a PAGA class. See generally Order Granting in Part and Denying in Part Class Certification (dkt. 174) (certifying only rest break subclass).

2

Foman v. Davis, 371 U.S. 178, 182 (1962); Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994).  Moreover, a "district court's discretion to deny leave to amend is particularly broad where a plaintiff previously has amended the complaint." World Wide Rush, LLC v. City of Los Angeles, 606 F.3d 676, 690 (9th Cir. 2010).

Plaintiffs here argue that there has been no undue delay because they brought this motion shortly after Judge Corley's discovery order.  Mot. at 6.  That argument falls short.  Plaintiff Ellison filed his original complaint in December 2006.  Ellison Compl. (dkt. 1) in Case No. 06-cv-7522 CRB.  He then, in February 2007, filed a Motion for Order Granting Leave to Amend Plaintiffs' Complaint to add a separate claim for relief pursuant to PAGA and seeking to certify a PAGA subclass under Rule 23.  See Feb. 2007 Motion (dkt. 28) in Case No. 06-cv-7522 CRB (describing desire to bring PAGA claim and asserting that "Plaintiff's Complaint now requires amendment in order to properly assert this additional claim against Defendant.").  Defendant did not oppose the Motion, and the First Amended Complaint was filed in April 2007.  See Notice of Non-Opposition (dkt. 29) and First Amended Complaint (dkt. 31) in Case No. 06-cv-7522 CRB.  In May 2007, Plaintiff Ellison filed another Motion for Order Granting Leave to Amend, and shortly thereafter filed a Second Amended Complaint which removed the separate cause of action under PAGA, but kept the request to certify a PAGA subclass pursuant to Rule 23.  May 2007 Motion (dkt. 39); SAC in Case No. 06-cv-7522 CRB.  Plaintiffs' request to now add a representative PAGA claim therefore comes more than eight years after filing the original complaint, and after two amendments to that complaint, one of which removed this very claim.  This certainly constitutes undue delay.

3

The Court further finds that Defendant would be unduly prejudiced by the amendment. Although Plaintiffs assert that "this cause of action would be based on the exact Labor Code violations already alleged and the allegations already asserted in the operative complaint," Mot. at 7, they cannot pretend to be proposing a mere cosmetic change. In addition to requiring the designation of the 30(b)(6) witness that gave rise to this discovery dispute, a new representative PAGA claim would result in the re-opening of discovery as to claims on which the Court denied class certification (like meal breaks and overtime) and as to which Plaintiffs never sought class certification (like split shifts). Defendant and the Court have operated on the understanding that the Second Amended Complaint is the operative complaint in this case, see Opp'n to Mot. (dkt. 225) at 6-7 (collecting Plaintiff Ellison's representations that no further amendments were anticipated), and that, following the Court's order on class certification, this case is primarily about rest breaks. Plaintiffs' proposed amendment would defy that understanding and prejudice Defendant.

For the foregoing reasons, Plaintiffs' Motion is DENIED.

**IT IS SO ORDERED.**

Dated: June 19, 2015

HON. CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE