# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: AUTOZONE, INC., WAGE AND HOUR
EMPLOYMENT PRACTICES LITIGATION    MDL No. 2159

## TRANSFER ORDER

**Before the Panel:**[*] Plaintiff in the action listed on Schedule A (*Lozacruz*) moves under Panel Rule 7.1 to vacate our order conditionally transferring the action to MDL No. 2159. Defendant AutoZoners LLC (AutoZone) opposes the motion to vacate.

After considering the argument of counsel, we find this action involves common questions of fact with the actions previously transferred to MDL No. 2159, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions we initially centralized in MDL No. 2159 involved factual questions arising from allegations that AutoZone consistently violates wage and hour laws by failing to (**1**) provide meal and rest breaks, (**2**) compensate employees for all hours worked, (**3**) provide full and timely payment of wages upon termination of employment, (**4**) provide complete and accurate wage statements, and/or (**5**) reimburse employees for the purchase of uniform clothing. *See In re: AutoZone, Inc., Wage & Hr. Emp't Practices Litig.*, 717 F. Supp. 2d 1380, 1381 (J.P.M.L. 2010).

Plaintiff in *Lozacruz* does not dispute that he advances similar allegations against AutoZone, but he argues that his action is different from those in the MDL because it is not brought as a class action and seeks penalties under the California Private Attorneys General Act (PAGA). Plaintiff also argues, *inter alia*, that (**1**) the Panel should allow the transferor court to rule on his pending motion for remand to state court; (**2**) transfer would result in delay; and (**3**) the action is procedurally dissimilar to the MDL No. 2159 actions.

While all MDL No. 2159 actions are putative class actions, *Lozacruz* is brought as a representative action under PAGA on behalf of all aggrieved employees. *Lozacruz* and the MDL actions share allegations and, therefore, will share discovery concerning AutoZone's employment policies and practices in California. Plaintiff argues that he seeks remedies that are different from those sought by the MDL No. 2159 plaintiffs, but we have held that "the presence of differing theories or remedies is outweighed when the underlying actions still arise from a common factual

---

[*] Judge Lewis A. Kaplan, Judge Charles R. Breyer, and Catherine D. Perry took no part in the decision of this matter.

core." *See In re: Ford Motor Co. Speed Control Deactivation Switch Prods. Liab. Litig.*, 398 F. Supp. 2d 1365, 1367 (J.P.M.L. 2005).

The Panel has rejected the argument that a particular action should be excluded from an existing MDL because transfer might cause undue delay. *See In re: Ford Motor Co. Speed Control Deactivation Switch Prods. Liab. Litig.*, 543 F. Supp. 2d 1373, 1374 (J.P.M.L. 2008). Rather, Section 1407 transfer "ensures that pretrial proceedings will be conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties." *Id*. While a class trial is imminent in MDL No. 2159, individual claims remain in the litigation, and a new action was transferred most recently to MDL No. 2159 in late 2015. Therefore, the actions are not so advanced to render transfer of *Lozacruz* unwarranted.

Finally, the Panel often has held that jurisdictional issues do not present an impediment to transfer, as plaintiff can present these arguments to the transferee judge.[1] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Charles R. Breyer for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell      Ellen Segal Huvelle
R. David Proctor

---

[1] Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

**IN RE: AUTOZONE, INC., WAGE AND HOUR
EMPLOYMENT PRACTICES LITIGATION** MDL No. 2159

**SCHEDULE A**

<u>Central District of California</u>

LOZACRUZ v. AUTOZONERS, LLC, C.A. No. 8:16-00049