IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: AutoZone, Inc., Wage and Hour Employment Practices Litigation | No.: 3:10-md-02159-CRB<br>Hon. Charles R. Breyer<br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

This is a wage and hour case involving California AutoZone stores. On December 21, 2012, the Court certified a rest break class defined as: "All non-exempt or hourly paid employees who have been employed at Defendant's retail stores in the State of California at any time on or after July 29, 2005 until the date of certification." Order re Class Cert. (dkt. 174) at 6. On August 10, 2016, the Court decertified the rest break class, holding in light of the evidence that came to light since certification that "Plaintiffs have failed to demonstrate predominance or manageability/superiority." Order re Decertification (dkt. 326) at 44. Plaintiffs now move for reconsideration of the Court's order granting decertification. See Motion for Reconsideration (dkt. 334).

## I.   LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) provides that any order which does not terminate the action is subject to revision at any time before the entry of judgment. Fed. R. Civ. P. 54(b). Reconsideration of a court's prior ruling is an "extraordinary remedy, to be used sparingly." Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Calloway v. Cal. Dep't of Corr. and Rehab., No. C07–2335, 2010 WL 1221883, at *2 (N.D. Cal. 2010) (quoting Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (internal quotation marks omitted)). Under the Local Rules, parties are only permitted to present new evidence and are prohibited from repeating arguments that they have already made. Civ. L.R. 7–9(c).

## II. DISCUSSION

Plaintiffs move for reconsideration of the Court's decertification order, arguing that Rule 23(b)'s predominance and superiority elements are met and that the Court's conclusion to the contrary is clear error. Mot. for Reconsideration at 3. The Court disagrees, as explained in this order and at greater length in the original decertification order.

### A. Predominance

Rule 23(b)(3) requires that "questions of law and fact predominate over any questions affecting only individual class members." At the class certification stage, the Court had accepted Plaintiffs' representation that "throughout the relevant time period, Defendant had a written rest break policy, applicable to all AutoZone stores." See Order re Class Cert. at 6–7. The Court thus found predominance, noting that "[o]ther cases have likewise held that claims based on a uniform policy are entitled to class certification." Id. at 13 (citing Brinker Restaurant Corp. v. Superior Court, 53 Cal. 4th 1004, 1020 (2012)). In decertifying, the Court noted that courts routinely deny certification where there is not a consistently applied, uniform policy. Order re Decertification at 28; see, e.g., Ochoa v. McDonald's Corp., No. 3:14-CV-02098-JD, 2016 WL 3648550, at *6 (N.D. Cal. 2016) ("for a class to be certified, the evidence would typically need to show that crew members were denied meals and rest breaks by the application of a uniform policy"); Ordonez v. RadioShack, Inc., No. CV 10-7060-CAS (JCGx), 2013 U.S. Dist. LEXIS 7868, at *21–22 (C.D. Cal. 2013) ("plaintiff has not carried his burden of demonstrating that a uniform corporate policy denying employees

2

the opportunity to take meal breaks could be proven on a class wide basis").

### 1. No Uniform Policy

The Court continues to believe that there is no uniform policy warranting certification. <u>See</u> Order re Decertification at 22 ("it is doubtful that the Court would have certified the class in 2012 had it understood that the AutoZone did not have a single uniform policy in place through the class period"). No doubt Plaintiffs' "theory of liability" is that there was a uniform policy,[1] <u>see</u> Mot. for Reconsideration at 3, but the evidence does not support that theory. The evidence demonstrates that at the beginning of the class period, AutoZone's written policy was that "[rest] breaks are scheduled in accordance with California law," and AutoZone posted the relevant Wage Order in each store. Order re Decertification at 19–20. The unlawful-as-written language that Plaintiffs had earlier represented as AutoZone's sole policy throughout the class period was not in place until 2008. <u>Id.</u> at 20. The Court rejects Plaintiffs' contention that AutoZone nonetheless had a uniform (and unlawful) policy throughout the class period. <u>See</u> Mot. for Reconsideration at 2–3.

As an initial matter, employers in California are not required to have a written rest break policy, only to follow the law. <u>Roberts v. Trimac. Transp. Servs. W., Inc.</u>, No. C12–05302, 2013WL 4647223, at *3 (N.D. Cal. 2013) ("under California law, the absence of a formal written policy does not constitute a violation of the meal and rest period"). It would be contrary to existing case law for this Court to require more. <u>See</u> <u>Bellinghausen v. Tractor Supply Co.</u>, No. C–13–02377 JSC, 2013 U.S. Dist. LEXIS 163193, at *3 (N.D. Cal. 2013) (concluding that "an employer's failure to provide a written policy reflecting specific rest break requirements does not, by itself, create liability").

Moreover, the Court declines Plaintiffs's invitation to view AutoZone's earlier policies as facially unlawful just because the 2008 policy was facially unlawful. <u>See</u> Mot. for

---

[1] To be clear: at the certification stage, Plaintiffs' theory of liability was that AutoZone had a "uniform <u>written</u> rest period policy." <u>See</u> Mot. for Certification (dkt. 95-1) at 7 (emphasis added); <u>see also</u> <u>id.</u> at 10 ("here, Plaintiffs' theory of liability revolves around Defendant's illegal written rest period policy and practice, which Defendant has admitted applies and is implemented uniformly as to all subclass members").

3

Reconsideration at 2 (speculating that the 2008 policy only memorialized what had always been the policy: "AutoZone's policy with respect to the rest break timing was always 'unlawful'"); see also Reply (dkt. 336) at 5. AutoZone's policy was, for a significant portion of the class period, lawful on its face[2] and, "[a]s a result, the bulk of the issues that are truly in dispute . . . are inherently individualized." See Lanzarone v. Guardsmark Holdings, Inc., No. CV06-1136 RPLAX, 2006 WL 4393465, at *4 (C.D. Cal. 2006); see also Mireles v. Paragon Sys., Inc., No. 13cv122 L(BGS), 2014 WL 4409822, at *6 (S.D. Cal. 2014) (denying certification based on lack of commonality where "defendant has an official uniform policy concerning rest periods which is facially consistent with California law"). As the Court described in detail in the decertification order, the evidence does not suggest that, despite different written policies, AutoZone had a uniform practice of denying rest breaks. See Order re Decertification at 21–27. Rather, the existence of the conflicting policies during the class period, some of which appear facially lawful and others of which appear facially unlawful, which existed over different time periods, and which were applied differently to various employees, negates Plaintiffs' claims of uniformity. The evidence suggests that many class members received proper breaks, and that when they did not, it was due to a variety of reasons, not all of them unlawful. Id. at 21, 25–27.

Because there was no single uniform policy in place from 2005 to 2012, nor a consistent practice of denying rest breaks during that time, the Court did not err in concluding that Plaintiffs failed to demonstrate predominance. See Fed. R. Civ. P. 23(b)(3).

### 2. Redefining Class

Plaintiffs argue next that the Court should have redefined the class to include only the period in which the 2008 policy was in effect. See Mot. for Reconsideration at 4. Plaintiffs failed to request before now that the Court redefine the class as an alternative to

---

[2] Plaintiffs accuse the Court of "engaging in an improper merits determination." Mot. for Reconsideration at 2. But the case law recognizes that courts' analysis of Rule 23 factors frequently entails some "overlap with the merits." See Wal-Mart Stores, Inc. v. Dukes, 654 U.S. 338, 351 (2011); United Steel, Paper & Forestry, Rubber Mfg. Energy, Allied Indus. & Serv. Workers Intern. Union, AFL-CIO,CLC v. ConocoPhillips Co., 593 F.3d 802, 810 (9th Cir. 2010). In addition, the Court was explicit in characterizing AutoZone's policy as "lawful, as written" and allowing that "that does not mean that AutoZone gave its employees appropriate rest breaks." Order re Decertification at 22.

4

decertification. See id. at 5 (Plaintiffs admit that they have only raised this issue "in a different context"). Reconsideration is only appropriate where (1) there is new evidence, (2) the Court committed clear error or the initial decision was manifestly unjust, or (3) there is a change in controlling law. See Calloway, 2010 WL 1221883, at *2 (citing Sch. Dist. No. 1J, Multnomah County, 5 F.3d at 1263). None of the three factors allowing reconsideration apply to redefining the class.

Moreover, at the time of decertification, the Court used its discretion to decertify rather than amend the class, as is its authority. See Mot. for Reconsideration at 5 (asserting that redefining the class would be "an appropriate exercise of the Court's authority"); Finberg v. Sullivan, 634 F.2d 50, 64 n.9 (3d. Cir. 1980). It did so because it is the Court's view that individual issues would predominate even a class based on the 2008 policy. Common issues do not predominate where a policy was applied differently to different class members: some class members testified that they did not receive breaks, others testified that they did take breaks, some stated that they told subordinates to take a break every two hours, others explained that whether they received a break depended on the manager, position held, hours worked and/or staffing at that location. See generally Order re Decertification at 25–27. It was not clear error to decline to redefine the class where there was significant variability among class members.

### B.     Manageability (Superiority)

In addition to predominance, Rule 23(b)(3) requires a court to find that "a class action is superior or other available methods for fairly and efficiently adjudicating the controversy." Pertinent to that determination are "the likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3)(D). The Court previously found this element met, commenting that "Defendant does raise legitimate concerns about manageability" but that "Plaintiffs have convinced the Court, for now" that the case would be manageable. Order re Class Cert. at 15–16. Specifically, the Court understood that "AutoZone's liability will be based on whether its rest break policy violates the law or does not" and that "there might well be records that would render the case more manageable." Id. at 16; see also Order re

Decertification at 18–19 (quoting Plaintiffs' counsel's assurances on this point). In decertifying, the Court concluded that the case would not be manageable. Order re Decertification at 30.

### 1. No Rest Break Records

Plaintiffs' first complaint about the Court's manageability holding is that the Court "requir[ed]" rest break records. Mot. for Reconsideration at 5. This is inaccurate. The Court began its discussion of the rest break records by observing that "employers are not obligated to keep records of rest breaks." See Order re Decertification at 30 (citing Washington v. Joe's Crab Shack, 271 F.R.D. 629, 641 n.3 (N.D. Cal. 2010) (citing Cal. Code Regs. Tit. 8, § 11070)). The Court discussed rest break records both in certifying the class and in decertifying the class because Plaintiffs had reassured the Court that the rest break records were likely to be found and would make the case manageable. Order re Class Cert. at 15–16; Order re Decertification at 29. The Court expected that the records would help Plaintiffs establish liability as to each class member, so that Plaintiffs would not need to rely on employees' recollections from years past. Id. at 32 ("somehow Plaintiffs must demonstrate that AutoZone is liable as to each class member."). That Plaintiffs could no longer point to either a uniform policy or a record of when rest breaks were actually taken struck the Court as problematic. See id. at 29–32.

### 2. Plaintiffs' Survey

Plaintiffs also argue that the Court erred by holding their expert's survey inadmissible. See Mot. for Decertification at 5–6. The Court held in its decertification order: "Plaintiffs suggest that their expert's survey . . . could bridge the evidentiary gap created by the absence of rest break records and help them establish liability. . . . The survey fails Plaintiffs because it is not a proper use of representational evidence, and because its fundamental lack of scientific rigor makes it inadmissible." Order re Decertification at 32. Plaintiffs now argue that they "did not intend on establishing prima facie liability of the entire class through a subset of individuals" and that "the purpose of [the survey] questions was to then determine the minimum damages calculations." Mot. for Reconsideration at 5. To the contrary,

1 Plaintiffs had argued that the survey "rebuts AutoZone's principal defense," "addresses
2 relevant liability and damages questions to a random sample," and "directly addresses the
3 liability question." See Opp'n to Mot. to Decertify (dkt. 310) at 13–14 (emphasis added).[3]
4 Plaintiffs even contradict themselves in the pending motion by maintaining that the survey
5 "could also be used to rebut AutoZone's stated defense." Mot. for Reconsideration at 5. The
6 Court was not wrong to recognize Plaintiffs' interest in using the survey for liability
7 purposes, or to hold that trial by formula is improper. See Dukes, 564 U.S. at 367; Order re
8 Decertification at 32–35. In addition, Defendant AutoZone is correct that "the admissibility
9 need not be reached if this Court does not reconsider its rulings on predominance or
10 manageability." Opp'n to Mot. for Reconsideration at 8 n.7. As the Court is not
11 reconsidering its rulings on predominance or manageability, it does not reach Plaintiffs'
12 arguments about the survey's admissibility.

**II.   CONCLUSION**

For the foregoing reasons, the Court **DENIES** Plaintiffs' motion for reconsideration.

**IT IS SO ORDERED.**

Dated: November 21, 2016

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[3] Indeed, the Court explicitly did not even consider whether the survey could be used to establish damages. See Order re Decertification at 30 n.23.

7