MICHAEL HOFFMAN, Bar No. 162496
AMY C. HIRSH, Bar No. 246533
ARENA HOFFMAN LLP
44 Montgomery Street, Suite 3520
San Francisco, CA 94104
Telephone: 415.433.1414
Facsimile: 415.520.0446
Email: mhoffman@arenahoffman.com

Attorneys for Defendants
AUTOZONE, INC.; AUTOZONERS LLC; and
AUTOZONE WEST LLC (formerly known and
sued as AutoZone West, Inc.)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE AUTOZONE, INC. WAGE AND HOUR EMPLOYMENT PRACTICES LITIGATION | MDL Case No. 3:10-md-02159-CRB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR SETTING OF SCHEDULING CONFERENCE**<br><br>[No Hearing Scheduled, N.D. Local Rule 7-11] |
| D. PRICE, etc.,<br><br>Plaintiff,<br><br>v.<br><br>AUTOZONE, INC., et al.,<br><br>Defendants. | |

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

Defendants AutoZone, Inc., AutoZoners, LLC, and AutoZone West, Inc. ("Defendants") file the following Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for the Setting of Scheduling Conference:

**OPP'N MOTION FOR SCHED. CONF.**  1.  **3:10-md-02159-CRB**

## I. INTRODUCTION AND SUMMARY OF FACTS

The overlapping actions forming this MDL began in 2006 – eleven years ago. Plaintiff now comes before the Court and asks to start the process anew. The Motion should denied.

As part of the coordinated MDL procedure, the Court issued a variety of orders aimed at the fair and efficient completion of pretrial procedures. For example, the Court appointed Initiative Legal as lead counsel for discovery purposes, approved discovery plans, and addressed a variety of discovery disputes. (Dkt. Nos. 46, 47, 50, 64, 77, 85, 190, 195, 196, 220, 270)

Contrary to Plaintiff's assertions, the Court has convened multiple case management and status conferences, and has issued multiple pretrial scheduling and case management orders. The Court also reviewed and modified the scheduling orders to address changes in the action. (*See, e.g.,* Dkt. Nos. 5, 10, 16, 22, 28, 29, 30, 36, 41, 42, 51, 52, 70, 87, 169, 183, 232, 235, 236, 240, 242, 255, 271, 275, 299, 317, 343, 344, 355) Notably, in April 2016, the Court bifurcated liability and damage issues in the certified class trial; the "remaining individual claims, and Defendant's defenses thereto, shall be tried following the conclusion of the class trial." (Dkt. Nos. 251, 256)

Prior to the most recent case management conference on August 24, 2017, Defendants sent a draft of the case management stipulation to Plaintiff for review and input. (Exh. A) However, Plaintiff claimed that the case management process did not involve him: "I do not believe that tomorrow's hearing involves our case. The hearing for tomorrow resulted from a stipulation between Plaintiffs Ellison and Doland on the one hand and Defendant on the other. We have not been consulted regarding the matter." (Exh. B)

In sum, the core question presented by this Motion is not whether the Court has held any case management conference, as Plaintiff posits. Rather, the question is whether Plaintiff is bound by the Court's prior orders. For the reasons described below, Defendants submit that Plaintiff's position is fundamentally distorts the MDL procedure and should be rejected.

The Court should proceed with the pretrial conference on November 6, 2017. If Plaintiff seeks relief, he must file a complete, properly noticed motion to modify the Court's Rule 16 orders.

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA 94104.4622
415.433.1414

## II. ARGUMENT

### A. The Court Properly Exercised Its Broad Discretion To Coordinate And Control Discovery, Manage The Case, And Issue All Pretrial Orders

"[M]ultidistrict litigation is a special breed of complex litigation where the whole is bigger than the sum of its parts." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1232 (9th Cir.2006). "The district court needs to have broad discretion to administer the proceeding as a whole, which necessarily includes keeping the parts in line." *Id*. The MDL statute "was meant to assure uniform and expeditious treatment in the pretrial procedures in multidistrict litigation," and "[w]ithout it, 'conflicting pretrial discovery demands for documents and witnesses might disrupt the functions of the Federal courts." *Id*. at 1230 (quotations and citations omitted).

This Court "exercises all the powers of a district judge in the transferee district under the Federal Rules of Civil Procedure and 'may make any pretrial order that the transferor court might have made in the absence of a transfer.'" *Id*. at 1230-31, quoting Hon. Stanley A. Weigel, *The Judicial Panel on Multidistrict Litigation, Transferor Courts and Transferee Courts*, 78 F.R.D. 575, 578–79 (1978). "This includes authority to decide all pretrial motions, including dispositive motions such as motions to dismiss, motions for summary judgment, motions for involuntary dismissal under Rule 41(b), motions to strike an affirmative defense, and motions for judgment pursuant to a settlement." *PPA Litigation*, 460 F.3d at 1231 (adding *Daubert* motions to list of pretrial tasks).

Dating back to 2010, when the JPML approved this MDL proceeding, the Court has issued several case management and scheduling orders. With the assistance of Magistrate Judge Corley, the Court has also issued orders appointing lead counsel for discovery, managing the scope of document production, managing the number and scope of depositions, and setting deadlines to complete pretrial discovery. The Court ruled on class certification, decertification, summary judgment, a remand motion, an arbitration motion, and other matters.

The Court held another case management conference on August 24, 2017. When counsel asked the Court to "put over" the matter 30 days for a case management conference, the Court reminded all in attendance that the August 24 hearing *was* a case management conference. The Court ordered pretrial conferences on November 6, 2017. (Dkt. No. 355)

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA 94104.4622
415.433.1414

**OPP'N MOTION FOR SCHED. CONF.** 2. **3:10-md-02159-CRB**

1     Plaintiff suggests that the Court must hold individual Rule 26 conferences for each tag along case that arrives to the MDL. Plaintiff's view is contrary to law; the Motion cites no authority in support of this position. Rather, as the Ninth Circuit explained in *PPA Litigation*, a clear object of MDL proceedings is to avoid the potential waste caused by individualized case management. Plaintiff's view, if endorsed, could unduly burden federal courts and litigants with each tag along case. MDL proceedings would not end, as each tag along case would extend the MDL indefinitely.

    In sum, Plaintiff's Motion suffers from a mistaken supposition. The Court properly managed the litigation and exercised discretion in pretrial scheduling, discovery, and motions. Plaintiff erred in assuming the Court's orders did not "involve[]" his tag along case. The Motion should be denied.

### B.     Plaintiff May Not Start Class Certification And Discovery Anew In This Motion

    The stated reason for the Motion is adding another round of discovery and class certification proceedings. (Mot. at 2-3) The Court has already addressed those matters.

    The Court is "charged with the responsibility of just and efficient conduct of the multiplicity of actions in an MDL proceeding." *PPA Litigation*, 460 F.3d at 1231. To do so, the Court has wide latitude to balance moving multiple actions "toward resolution on the merits while at the same time respecting their individuality." *Id*. "For it all to work, multidistrict litigation assumes cooperation by counsel and macro-, rather than micro-, judicial management because otherwise, it would be an impossible task for a single district judge to accomplish." *Id*. Accordingly, the Court "must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial." *Id*. at 1232. "Once established in consultation with counsel, time limits and other requirements must be met." *Id*. The Ninth Circuit emphasized that counsel must actively participate in this process:

> [The Court] must be able to uncomplicate matters and counsel must, for their part, collaborate with the trial judge from the outset in fashioning workable programmatic procedures, and thereafter *alert the court in a timely manner as operating experience points up infirmities warranting further judicial attention*.

*Id*. (emphasis added, quotations and citations omitted).

    Rather than abide the Ninth Circuit's direction, Plaintiff blames the Court for appointing lead attorneys and issuing joint scheduling orders, without hearings and orders unique to Plaintiff. If the

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA 94104.4622
415.433.1414

**OPP'N MOTION FOR SCHED. CONF.**     3.      **3:10-md-02159-CRB**

Court's approach was lacking in some manner, Plaintiff had an opportunity to "alert the court in a timely manner" of any "infirmities warranting further judicial attention." *PPA Litigation*, 460 F.3d at 1232. That never happened – including at the case management hearing on August 24. Whatever the reasons might be, the Court and Defendants should not be trapped in an MDL quagmire for several more years, at Plaintiff's discretion to prosecute.

The Court issued MDL scheduling orders pursuant to Rule 16 and Rule 26, which covered joint discovery, class certification, and summary judgment proceedings. Plaintiff is bound by those orders. Like any other litigant, Plaintiff must file a noticed motion and demonstrate good cause for relief from those orders. *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 608-609 (9th Cir. 1992). This Motion, improperly framed as an administrative matter under Local Rule 7-11, fails to demonstrate good cause to move the pretrial dates. *Zivkovic v. Southern Cal. Edison Co*., 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming denial of the plaintiff's motion to modify the scheduling order when the plaintiff waited four months after learning of the need for the requested modification before seeking relief). The Motion should be denied.

### C. The Court Should Proceed With The Pretrial Conference

Once pretrial proceedings are completed in the MDL, the Judicial Panel on Multidistrict Litigation ("JPML") may remand the individual cases to the district court in which the action was originally filed for trial. 28 U.S.C. § 1407(a). When remand occurs depends upon the circumstances of the litigation and the recommendation of the transferee court. *PPA Litigation*, 460 F.3d at 1231. For example, as described in the *PPA Litigation*, the district court detailed the procedures and conditions she would consider before determining that a case was "ripe for remand." *Id*.

Class certification lies within the exclusive province of this Court. *In re Plumbing Fixture Cases*, 298 F. Supp. 484, 493-94 (J.P.M.L.1968) ("[i]t is in the field of class action determinations in related multidistrict civil actions that the potential for conflicting, disorderly, chaotic judicial action is the greatest"). For purposes of remanding a case transferred by JPML, "pretrial proceedings do not conclude until a final pretrial order is entered." *United States ex rel. Hockett v. Columbia/HCA Healthcare Corp*., 498 F. Supp. 2d 25, 37 (D. D.C. 2007). At the pretrial conference, the Court may determine all questions concerning the further disposition of tag along actions. *PPA Litigation*, 460

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA 94104.4622
415.433.1414

**OPP'N MOTION FOR SCHED. CONF.** 4. **3:10-md-02159-CRB**

F.3d at 1231; *In re Donald J. Trump Casino Securities Litig.-Taj Mahal Litig.*, 7 F.3d 357, 367 (3d Cir. 1993) ("transferee courts frequently terminate consolidated cases in practice").

Pursuant to the authority and direction of the MDL statute, the Court ordered that the pretrial conference on Plaintiff's claims proceed on November 6, 2017. The pretrial conference is proper to decide all remaining issues for trial, including any *Daubert* motions. Plaintiff may not delay or disrupt the pretrial conference with this Motion. Under the circumstances, the Court should proceed with the pretrial conference and address any procedural or case management issues at that time.

## III. CONCLUSION AND REQUESTED RELIEF

Based on the foregoing, Defendants respectfully request that the Court deny this Motion and proceed with the pretrial conference on November 6, 2017. At the pretrial conference, the Court may address and resolve the issues remaining for trial. A request by Plaintiff to modify the Rule 16 order must be addressed in a complete, properly noticed motion, not through Local Rule 7-11.

Dated: September 18, 2017

/s/ Michael Hoffman
MICHAEL HOFFMAN
ARENA HOFFMAN LLP
Attorneys for Defendants
AUTOZONE, INC.; AUTOZONERS LLC;
and AUTOZONE WEST LLC

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA 94104.4622
415.433.1414

**OPP'N MOTION FOR SCHED. CONF.**　　　5.　　　**3:10-md-02159-CRB**